# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JOSHUA VALENTINO ROBINSON**                                          **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 1:19-CV-438-JCG**

**WENDY KING**                                                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is Plaintiff Joshua Valentino Robinson's Complaint filed under 42 U.S.C. § 1983. Defendant Wendy King has filed a Motion for Summary Judgment. ECF No. 44. Having considered the submissions of the parties, the record, and relevant legal authority, the Court is prepared to rule.

## BACKGROUND

Plaintiff Joshua Valentino Robinson, who is proceeding *pro se* and *in forma pauperis*, filed suit against Defendant Wendy King, a Mississippi Department of Corrections (MDOC) Probation Officer, on August 12, 2019. ECF No. 1 At the time of filing, he was at the Harrison County Detention Center in Gulfport, Mississippi. Robinson was arrested on June 5, 2019, on a warrant for failure to pay his fines. *Id.* at 4. Robinson contends that King, his probation officer, violated his due process rights by not coming to see him until July 2, 2019. *Id.* At that time, King had him sign a "waiver of right to preliminary probation revocation hearing and a petition to revoke probation." *Id.* He contends that he was entitled to a preliminary hearing within 72 hours and a revocation hearing within 21 days. *Id.* Because he was confined for longer, he contends his rights were violated. *Id.*

1

On June 29, 2020, King filed a Motion for Summary Judgment alleging that Robinson had failed to exhaust his administrative remedies. ECF No. 21 & 22. In support of this Motion, King filed an affidavit from Joseph Cooley, an investigator for the ARP program at the South Mississippi Correctional Institution (SMCI). ECF No. 21-1. His affidavit states that the ARP program has not received anything from Robinson about his detainment. *Id*. On December 4, 202, the Court denied the Motion for Summary Judgment without prejudice. ECF No. 43. The Court held that "it is unclear from Cooley's affidavit whether his statement that the ARP program has not received anything from Robinson covers the ARP program at Harrison County." *Id*. at 4. Consequently, the Court found that in construing all facts in a light most favorable to Robinson, the moving party had not carried its burden to warrant summary judgment. *Id*.

On December 9, 2020, King filed another Motion for Summary Judgment alleging that (1) King is entitled to sovereign and quasi-judicial immunity in this matter, and (2) Robinson did not exhaust his administrative remedies before bringing his suit as required by PLRA. ECF No. 44 at 2. Robinson has responded in opposition to the Motion for Summary Judgment. ECF No. 47.

**STANDARD OF REVIEW**

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);

Fed. R. Civ. P. 56(c). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324. "The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 324). In the absence of any proof, the Court will not assume that the Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## DISCUSSION

### I. The Prison Litigation Reform Act

Because Robinson is a prisoner pursuing a civil action seeking redress from a government employee, the Prison Litigation Reform Act ("PLRA"), Pub L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Thus, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### II. Sovereign Immunity

The principle of sovereign immunity is reflected in the Eleventh Amendment, which precludes suits brought by private citizens against states in federal courts unless the State has waived its immunity. U.S. Const. Amend. XI; *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Congress has not abrogated state sovereign immunity under 42 U.S.C. § 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 339-40 (1979); *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997)). And

the State of Mississippi has not waived sovereign immunity for lawsuits filed in federal court. *See* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Sovereign immunity extends to any state agency or department deemed to be an "arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326-27 (5th Cir. 2002); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (the Eleventh Amendment bars a federal court suit naming "the State or one of its agencies or departments as the defendant"). It is well established that the Mississippi Department of Corrections (MDOC) is an arm of the State of Mississippi and cloaked with the State's Eleventh Amendment immunity from suit. *See Williams v. Miss. Dept. of Corr.*, No. 3:12-cv-259-CWR-FKB, 2012 WL 2052101, at *1-2 (S.D. Miss. June 6, 2012) ("MDOC is considered an arm of the State of Mississippi" and is immune under the Eleventh Amendment); *Dandridge v. Miss.*, No. 2:08-cv-229-KS-MTP, 2009 WL 4940105, at *7 (S.D. Miss. Dec. 14, 2009) (same).

As MDOC is an arm of the state, its officers and employees are officers of the state in their official capacities. They are entitled to sovereign immunity from monetary damages in their official capacities. *See Am. Bank and Trust Co. v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.").

Defendant King is an employee of MDOC, which is an arm of the State. Consequently, to the extent that Robinson has named King in her official capacity, King is entitled to summary judgment, because such claim is barred by sovereign immunity.

### III. Absolute Quasi-Judicial Immunity

"The Supreme Court has granted absolute immunity to judges in the performance of their judicial duties. The Court employs a "functional" approach to determine if other officials are entitled to absolute immunity. Officials whose responsibilities are "functionally comparable" to those of a judge are also absolutely immune from damages liability. Thus, it is "the nature of the function performed, not the identity of the actor who performed it, that inform[s] our immunity analysis."" *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995) (cleaned up).

While the Supreme Court had not expressly extended absolute immunity to probation officers, federal appellate courts have. The Second Circuit has held that "[Probation officers] are also entitled to absolute immunity in "initiating parole revocation proceedings and in presenting the case for revocation to hearings officers." *Dettelis v. Sharbaugh*, 919 F.3d 161, 164 (2nd Cir. 2019). While the Seventh Circuit has held that parole board members engaged in conduct that is "inexorably connected with the execution of parole procedures" are entitled to absolute immunity. *Walrath v. United States*, 35 F.3d 277, 282 n. 3 (7th Cir. 1994). The Seventh Circuit has even extended absolute immunity to revocation actions

6

"that are part and parcel of the decision process, including scheduling a hearing." *Trotter v. Klincar*, 748 F.2d 1177, 1182 (7th Cir. 1984).

In *Husley* the Fifth Circuit adopted the Seventh Circuit's position on extending absolute immunity to probation officers stating:

> The Seventh Circuit has long held that parole board members' conduct that is "inexorably connected with the execution of parole revocation procedures" is entitled to absolute immunity. *Walrath*, 35 F.3d at 282 (quoting *Trotter v. Klincar*, 748 F.2d 1177, 1182 (7th Cir.1984)). The parole revocation functions to which the Seventh Circuit accords absolute immunity are "not only the actual decision[s] to revoke parole, but also the activities that are part and parcel of the decision process." *See Trotter*, 748 F.2d at 1182. We see no reason to hold differently.

63 F.3d 354, 357 (5th Cir. 1995). In *Martinez v. Abbott*, the Fifth Circuit further provided that "Parole officers are entitled absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." 796 Fed.Appx.196 (5th Cir. 2019) (quoting *Littles v. Bd. Of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

Robinson claims that his due process rights were violated when King failed to come see him for twenty-seven days following his arrest on the warrant for failure to pay court fees. ECF No. 1 at 4. Robinson further alleges when King came to see him, she requested that he sign a waiver of the right to a preliminary probation revocation hearing and a petition to revoke probation. *Id*.

Here, the conduct which Robinson complains is conduct for which King is absolutely immune from suit. Robinson's claim that King was "negligent" (sic) in handling his revocation, including the subsequent hearings and proceedings, is

7

adjudicatory in nature. Consequently, in accordance with Fifth Circuit precedent the revocation decisions, as well as the activities associated with revocations and the revocation process, including scheduling a hearing, are absolutely immune from suit. *See Husley*, 64 F.3d at 357, citing *Trotter*, 748 F.2d 1177.

## IV. Exhaustion under PLRA

The Prison Litigation Reform Act (PLRA) requires prisoners "confined in ***any jail***, prison, or other correction facility" to exhaust available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a)(emphasis added). This exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95. Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (quoting *Woodford*, 548 U.S. at 85).

The Court previously denied King's Motion for Summary Judgment finding that it was unclear from the record whether the affidavit provided by Investigator

8

Joseph Cooley covered the ARP program at Harrison County where Robinson was incarcerated. ECF No. 43 at 4. The Court noted that it appeared Robinson admitted he had not exhausted his administrative remedies, arguing instead that the requirements did not apply. *Id*. The Court noted that "King may reassert Robinson's failure to exhaust in a future dispositive motion." *Id*.

King has reasserted Robinson's failure to exhaust in the present Motion for Summary Judgment. ECF No. 45 at 12-17. In support of her Motion King attached an affidavit from Investigator Cooley confirming that the ARP has not received any complaints from Robinson while incarcerated in SMCI. ECF No. 44-2. As well as an affidavit from Harrison County Adult Detention (HCADC) Center Warden Evan Hubbard attesting that no grievances have been filed during the 2019 calendar year. ECF No. 44-3 at 2.

In his affidavit, Warden Hubbard confirms that HCADC has a formal grievance procedure. *Id*. at 2. He further confirms that "[a]ll inmates are informed of the grievances procedures and provided access to the HCADC handbook at intake." *Id*. Here, Robinson has presented no evidence to contradict the existence of the grievance procedure. In fact, on the portion of the form for inmates who are not in MDOC custody, Robinson checked "No" when asked, "[d]id you present the facts relating to your complaint to the administrative or grievance procedure in your institution." *Id*. at 3.

The Supreme Court has held that "exhaustion is mandatory under the PLRA and [] unexhausted claims cannot be brought in court." *Jones v. Brock*, 549 U.S.

199, 211 (2007). Consequently, because Robinson failed to properly exhaust available administrative remedies before filing this case, dismissal is mandatory.

## CONCLUSION

Plaintiff Joshua Valentino Robinson's claim against Defendant Wendy King is barred by the Eleventh Amendment's Sovereign Immunity Clause and the Doctrine of Absolute Quasi-Judicial Immunity. In the alternative, because Robinson failed to exhaust the available administrative remedies under the PLRA dismissal is mandatory.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Defendants' Motion for Summary Judgment (ECF No. 44) is granted.

**SIGNED**, this the 9th day of July 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE